IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUIS AVELAR and MATEO GOMEZ, individually and on behalf of all similarly situated persons,<br><br>  Plaintiffs,<br><br>v.<br><br>HC CONCRETE CONSTRUCTION GROUP, LLC, AND JON HARRIS,<br><br>  Defendants. | Case No. 3:22-cv-00292<br>Judge Aleta A. Trauger |

## ORDER

Before the court are (1) the defendants' Motion for Court Approval of Defendants' Versions of the Notice and Consent forms to be sent to putative opt-in plaintiffs in this Fair Labor Standards Act ("FLSA") case (Doc. No. 29); (2) the plaintiffs' Motion to Modify the December 22, 2022 Order and to Approve Plaintiffs' Notice and Consent forms (Doc. No. 30). Both parties filed with their motions redlined versions of the plaintiffs' proposed Notice and Consent forms, highlighting the changes both parties seek to make that are opposed by the other party.

The plaintiffs' motion, filed the same day as the defendants', effectively operates as a response to the defendants' motion, insofar as it addresses all of the same issues that the parties have not been able to resolve regarding the wording of the Notice and Consent forms to be distributed to putative opt-in plaintiffs. In addition, however, the plaintiffs also seek certain modifications to the Order entered on December 22, 2022 ("December 22 Order") regarding the steps the defendants should be required to take to facilitate notice and extending the opt-in period. (Doc. No. 30.) The defendants filed an expedited Response to the plaintiffs' motion, as a result of which the court deems both motions to be fully briefed.

The plaintiffs' Motion to Modify the December 22 Order (Doc. No. 30) is **GRANTED IN PART AND DENIED IN PART**, as set forth in Section I, below. The parties' dueling Motions to Approve (Doc. Nos. 29, 30) are likewise **GRANTED IN PART AND DENIED IN PART**, as detailed in Section II, below.

I.   **THE PLAINTIFFS' MOTION TO MODIFY ORDER**

   A.   **Background**

In the December 22 Order (as modified by the Order entered January 9, 2023), the court, among other things, granted the plaintiffs' Motion for Conditional Certification, conditionally certifying the case to proceed as a collective action under the FLSA on behalf of all current and former hourly paid construction workers who worked for defendant HC Concrete and who were classified as independent contractors at any time since September 23, 2019. (Doc. No. 25.) Rather than specifically approving or disapproving the language the parties proposed to be incorporated in the Notice and Consent forms to be distributed to putative opt-in plaintiffs, the court directed the parties to confer and present to the court revised and agreed-upon Notice and Consent forms by January 9, 2023, consistent with certain parameters provided by the court.

In addition, the December 22 Order directed the defendants to conduct a reasonable search of their records and to provide to plaintiffs' counsel, by January 12, 2023, the names, last known home addresses, email addresses, and telephone numbers of all putative opt-in plaintiffs, "to the extent such information is in the defendants' possession." (Doc. No. 25, at 1.) The December 22 Order denied the plaintiffs' request for a ninety-day notice period and instead established a sixty-day notice period (running from the date of the Notice) within which the putative opt-in plaintiffs could submit opt-in forms. The Order further denied the plaintiffs' requests that the defendants be "required to post Notice of the lawsuit at their jobsites, to submit Notices with putative opt-in plaintiffs' paychecks, or to produce contact information for putative opt-in plaintiffs that is not in

their possession." (*Id.* at 2.) Although not actually referenced in the Order, the Memorandum accompanying the Order noted that the plaintiffs had the "option of requesting additional information, such as dates of birth and social security numbers, in the event that the defendants cannot provide mailing addresses or if a significant number of notices are returned undelivered." (Doc. No. 24, at 15.) The December 22 Order further specified (as explained in the accompanying Memorandum) that "the denial of these requests [was] without prejudice to the plaintiffs' ability to move for reconsideration of these decisions if they encounter substantial difficulty in contacting putative opt-in plaintiffs due to the defendants' recordkeeping practices." (*Id.*)

### B. The Parties' Arguments

The plaintiffs now represent that, although the defendants have produced an Excel spreadsheet with the names of 987 putative opt-in plaintiffs, they have produced no email addresses for any of these individuals, have produced phone numbers for only a small fraction of them (149 of the 987), and have produced no physical mailing address for eighty-three individuals (8.4% of the total) and incomplete mailing addresses for a "substantial" number of additional putative plaintiffs. (Doc. No. 30, at 2–3.) Based on the defendants' provision of what the plaintiffs characterize as "woefully deficient" contact information for the putative opt-in plaintiffs, the plaintiffs demand that the defendants be directed to take affirmative steps to provide complete contact information for "*current* workers who are or were classified as independent contractors at any time since September 23, 2019"—more specifically, that the court order defendants to "speak to each of these individuals, obtain their contact information, and provide it to Plaintiffs' counsel." (*Id.* at 9, 10.) The plaintiffs further request that the court modify the December 22 Order by (1) requiring the defendants to provide birthdates and social security numbers for all putative opt-in plaintiffs, to post copies of the Notice and Consent forms at all job sites, and to include copies of the Notice and Consent forms with the next paychecks of all opt-in plaintiffs currently working

for the defendants; (2) approving dissemination of the Notice by text message; and (3) extending the notice period from sixty days to ninety days.

In their Response, the defendants do not oppose the plaintiffs' request to send notice to putative opt-in plaintiffs by text message. They note that they have provided phone numbers for 149 individuals and are "in the process of determining whether they can identify additional phone numbers." (Doc. No. 33, at 5.) If so, they will provide them. (*Id.*) The court, accordingly, will grant the plaintiffs' request to provide notice by text message (which, the court notes, was not requested by the plaintiffs in their original motion).

The defendants oppose the plaintiffs' other demands, which they characterize as an attempt to obtain extraordinary measures that were denied in the December 22 Order. The defendants assert that: (1) according to the plaintiffs' own calculations, the defendants have provided last known home addresses for 91.6% of the putative opt-in plaintiffs, and, of that number, only nineteen appear to be incomplete; (2) the defendants have never requested or obtained email addresses from construction workers employed by them, and the court has not required them to produce information not in their possession; (3) the plaintiffs cite no authority for their "extraordinary" request that the defendants speak to each of their current construction workers to obtain updated contact information; (4) the request that they be required to provide social security numbers and dates of birth ignores the court's prior statement that it would consider authorizing such relief if the "defendants cannot provide mailing addresses of or if a significant number of notices are returned undelivered," and, at this juncture, no notices have been sent, so none have been returned undeliverable; (5) the plaintiffs likewise have failed to provide any authority for their extraordinary request that the defendants be required to post both the Notice and Consent forms at the defendants' job sites and to distribute them with paychecks to currently employed construction workers; and

(6) the plaintiffs have not demonstrated any actual difficulty in contacting putative opt-in plaintiffs that would justify extending the opt-in period from sixty days to ninety days.

### C. Resolution

The plaintiffs' characterization of the defendants' failures to provide complete contact information for all putative opt-in plaintiffs is largely overwrought and hyperbolic, and the court is not persuaded at this juncture that most of the relief requested by the plaintiffs is warranted. The plaintiffs' Motion to Modify Order (Doc. No. 30) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. The defendants have established that they have never maintained email addresses for construction workers they employ. The plaintiffs' demand that the defendants be required to provide email addresses is **DENIED**.

2. The plaintiffs' request that defendants be required to post copies of the Notice and Consent forms in English and Spanish at all HC Concrete job sites for the duration of the opt-in period is **GRANTED**. This request poses no substantial burden on the defendants. The request to include Notice and Consent forms with paychecks is **DENIED**.

3. The plaintiffs' request that the defendants ensure that they have provided plaintiffs' counsel with the current mailing address and cell phone number of all currently employed opt-in plaintiffs is **GRANTED**.

4. The plaintiffs' request that the defendants provide to plaintiffs' counsel the birthdates and social security numbers for all putative opt-in plaintiffs is **GRANTED IN PART AND DENIED IN PART**. The defendants are directed to provide social security numbers and birthdates, if they have that information, for those putative opt-in plaintiffs for whom they have not provided either a complete mailing address or a valid telephone number.

5. The plaintiffs' request to disseminate Notice by text message is **GRANTED**.

6. The plaintiffs' request to extend the notice period from sixty days to ninety days is **DENIED**, as the plaintiffs have not demonstrated the necessity for such an extension.

## II. THE PARTIES' MOTION FOR COURT APPROVAL OF NOTICE AND CONSENT FORMS

The parties have highlighted a few specific portions of both the Notice and the Consent with regard to which they have been unable to reach a resolution. The court resolves these areas of dispute as follows.

### A. The Notice Form

1. In the Introduction, the defendants propose to add this sentence: "Therefore, this Notice does not mean you have a valid claim or are entitled to any monetary recovery." The plaintiffs oppose the inclusion of this sentence as misleading and unnecessary. The court **GRANTS** in part the defendants' motion to include this sentence, but with the following modifications: "Therefore, this Notice does not necessarily mean that you have a valid claim or are entitled to any monetary recovery."

2. In Part 3, "How to Join This Lawsuit," the plaintiffs' proposed Notice states: "If you believe that you were not properly compensated and did not receive over time pay you were entitled to receive, you **MUST** complete the accompanying Consent Form to join this lawsuit." The defendants oppose this language and propose the following instead: "If you believe that you were misclassified as an 'independent contractor,' you **MUST** complete the accompanying Consent Form to join this lawsuit." The court **GRANTS IN PART AND DENIES IN PART** each parties' request.

The court finds both proposed versions somewhat confusing, especially insofar as the next sentence states: "You may do so by completing the Consent Form and mailing it in the postage pre-paid envelope provided." (*See* Doc. No. 30-3, at 4.) The court finds that the "must" language

in both parties' proposed first sentence of this section to be misleading, insofar as it implies that the recipients of the notice are required to join the lawsuit.

The beginning of this section shall read as follows: "If you believe that you were misclassified as an 'independent contractor' and, as a result, that you were not properly compensated, you may join this lawsuit as a party plaintiff. In order to join this lawsuit, you **MUST** complete the Consent Form and return it to Plaintiffs' counsel" [by one of the referenced methods].

3. The court has already denied the plaintiffs' request to modify the language to extend the notice period from sixty days to ninety days.

4. The plaintiffs propose to include a "request for additional information," by enclosing a list of all individuals already identified by the defendants as having worked for the defendants and as having been classified as independent contractors since September 23, 2019, and asking recipients of the notice to provide plaintiffs' counsel with (1) the names of any other individuals who worked for the defendants during that time frame but are not on the list and (2) any additional information they have regarding contact information for the individuals who are on the list. The defendants oppose this request as unnecessary.

The court finds this request to be extraordinary. The plaintiffs have not provided any authority supporting this request or demonstrated that it is necessary. The plaintiffs' request for approval of their proposed language is **DENIED**.

5. In the section headed "Legal Effect of Joining This Suit," the defendants seek to include this language: "However, if Defendants prevail in this lawsuit, you may be held responsible for a portion of Defendants' costs." The plaintiffs oppose this language.

While the defendants are correct that their proposed language is an accurate statement of the law, *see* Fed. R. Civ. P. 54(d)(1); *Frye v. Baptist Mem'l Hosp., Inc.*, 507 F. App'x 506, 508

(6th Cir. 2012), this court agrees with those courts finding that this language may have an unnecessary chilling effect on the willingness of putative opt-in plaintiffs to join a collective action. *Accord, e.g.*, *Snider v. Quantum Health, Inc.*, No. 2:20-CV-2296, 2021 WL 325886, at *5 (S.D. Ohio Feb. 1, 2021) ("The Court finds that the inclusion of such language is unnecessary and may improperly dissuade putative class members from opting-in to the lawsuit."); *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 898 (S.D. Ohio 2018) (same). The defendants' request for inclusion of this language is **DENIED**.

    **B.**    **The Consent Form**

The parties have only two disagreements regarding the Consent form.

First, the plaintiff seeks to include language pursuant to which each opt-in plaintiff authorizes the named plaintiffs to enter into an agreement with plaintiffs' counsel "to file a proof of claim on [his] behalf in the event Defendant(s) file for bankruptcy protection under Chapters 7 or 11 of the Bankruptcy Act." (Doc. No. 30-3, at 8.) The defendants oppose this language as outside the scope of the December 22 Order conditionally certifying this collective action, as unnecessary since there is no evidence that either defendant is at risk of declaring bankruptcy, as potentially alarming and confusing recipients of the notice, and on the basis that the plaintiffs will have unfettered access to the opt-in plaintiffs and can request this authorization "on their own time within the scope of their attorney-client relationship." (Doc. No. 29, at 6.)

The plaintiffs represent that, if there is truly no risk that they will seek bankruptcy protection, the defendants "should not care if this language is included." (Doc. No. 30, at 14.)

The court is not persuaded that "the defendants should not care" is a sufficient reason to incorporate this language, nor does the mere fact that the defendants have potential exposure to a substantial judgment against them militate in the favor of the proposed language. In short, the

plaintiffs have provided no authority in support of such language or a compelling need to include it. The plaintiffs' request to incorporate this language is **DENIED**.

Finally, the plaintiffs submit that the Consent Form should include language on the second page advising those who complete the Consent Form that their contact information will not be filed with the Court, but "simply provided to Plaintiffs' counsel." (Doc. No. 30, at 15.) The defendants propose that the form should advise recipients instead that the information that they provide will be "simply provided to counsel for the parties." (Doc. No. 30, at 16; Doc. No. 29, at 6–7.) The defendants maintain that they are entitled to this information because (1) it is information commonly exchanged in discovery and there is no good reason for not sharing it with the defendants; (2) in the interests of fairness and due process, the defendants should have means of confirming "whether each person who files a consent to join this collective is who they say they are." (Doc. No. 29, at 7.)

The court agrees that there is no justifiable reason to preclude sharing opt-in plaintiffs' contact information with the defendants, as this type of information is commonly exchanged in discovery. The defendants' request to state that the information will be "provided to counsel for the parties" is **GRANTED**.

### III. CONCLUSION

In sum, the parties' motions (Doc. Nos. 29 and 30) are both **GRANTED IN PART AND DENIED IN PART**, as detailed herein.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge