# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LUIS AVELAR and MATEO GOMEZ, individually and on behalf of all similarly-situated persons, | ) ) ) ) Civil No.: 3:22-cv-00292 |
| Plaintiffs, | ) ) JUDGE TRAUGER ) |
| v. | ) COLLECTIVE AND CLASS ACTION ) COMPLAINT ) |
| HC CONCRETE CONSTRUCTION GROUP, LLC, AND JON HARRIS, | ) JURY DEMAND ) ) |
| Defendants. | ) |

**JOINT MOTION TO MODIFY THE AMENDED CASE MANAGEMENT ORDER**

Come the parties and move jointly to modify the Amended Case Management Order (*Doc. 48*). For the reasons discussed below, the parties propose that the Court suspend the remaining deadlines contained in the Amended Case Management Order until the Court rules on Plaintiffs' pending Motion for Class Certification.

**RELEVANT PROCEDURAL HISTORY**

Plaintiffs filed this collective action pursuant to the FLSA on behalf of themselves and all current and former hourly-paid construction workers who worked for HC Concrete, and who were classified as independent contractors at any time since April 22, 2019. The Complaint alleged that hourly-paid workers were misclassified as independent contractors and thereby denied overtime pay. *Doc. 1, Compl., ¶¶ 7, 50-72.*[1]

In addition, Plaintiffs' Complaint included a Rule 23 putative class action on behalf of Plaintiffs and putative class members for fraud and misrepresentation (Count Two), conversion

---

[1] When the Complaint was filed, 17 other former hourly workers joined the lawsuit along with the two named Plaintiffs. *See Doc. 1-3, Additional Consents.*

(Count Three) and unjust enrichment (Count Four), alleging that Defendants wrongfully and illegally deducted a portion of the hourly workers' pay for workers' compensation insurance. *Id., Compl., ¶¶ 6, 8, 47, 73-123*.

By Order entered December 22, 2022 (*Doc. 25*), the Court granted conditional certification of the collective action claims pursuant to the FLSA, ruling that Plaintiffs were similarly situated to current and former hourly-paid construction workers classified by Defendants as independent contractors because they were all subject to a common policy or practice that allegedly violated the FLSA. *Doc. 24, Memorandum, pp. 8-12*.

Following the Court's December 22, 2022 Order granting conditional certification, notice was sent to nearly 1,000 putative collective class members who had worked as hourly-paid construction workers since September 23, 2019, and had been classified as independent contractors. By the conclusion of the opt-in period, an additional 37 individuals joined the lawsuit, bringing the total to 56, including the two named Plaintiffs. *Doc. 51-1, Holmes Decl., ¶ 4*.

On June 30, 2022, the Court entered a Case Management Order which provided that should the Court grant Plaintiffs' Motion for Conditional Certification, the parties would submit a proposed amended case management order related to the remaining deadlines. *Doc. 14, Order, p. 5*.

On July 20, 2023, the parties filed a Proposed Amended Scheduling Order (*Doc. 44*). On July 21, 2023, the Court entered the Amended Scheduling Order (*Doc. 48*), which contained several deadlines, including the: 1) filing of Plaintiffs' Motion for Class Certification – March 15, 2024; 2) completion of discovery and deposition of fact witnesses – August 30, 2024; 3) filing of dispositive motions – October 18, 2024; and 4) depositions of all experts – December 13, 2024. *Id.*

On March 7, 2024, Plaintiffs filed their Motion for Class Certification and related pleadings. *See Docs. 50, 51, 51-1, 51-2 and 51-3*. Defendants filed their Response and related pleadings on April 4, 2024. *See Docs. 53, 53-1, 53-2, 53-3 and 54*. Plaintiffs filed their Reply and related pleadings on May 2, 2024. *See Docs. 58, 58-1, 58-2 and 58-3*.

Plaintiffs' Motion for Class Certification is currently pending.

Over the course of the litigation, the parties have worked diligently on discovery, exchanging numerous sets of interrogatories, requests for production of documents, and requests for admissions. Plaintiffs have also served several subpoenas on non-parties for additional documents. Included in the discovery, Defendants have produced nearly 12,000 pages of documents to date.

Although the parties have and continue to engage in discovery, additional time is needed beyond the current August 30, 2024 deadline. Further, and significantly, because the Court's ruling on Plaintiffs' pending Motion for Class Certification will have a substantial bearing on the timing, nature and scope of future discovery and dispositive motions, the parties respectfully submit that the current deadlines are premature. For example, should the Court grant Plaintiffs' Motion for Class Certification, the parties will need to confer on the notice to send to putative class members advising them of the lawsuit and their rights, including the right to opt out. Thereafter, the parties will need to issue notice to the hundreds of putative class members, which will include a deadline to opt out. Once this is completed, the parties can then discuss the nature, scope and duration of any remaining discovery and proposed deadlines for the completion of discovery and the filing of dispositive motions.

In light of the foregoing, the parties propose that the Court suspend the remaining three deadlines contained in the Amended Case Management Order related to the completion of fact discovery, dispositive motions and expert depositions. Further, the parties propose that following the Court's ruling on Plaintiffs' Motion for Class Certification, the Court should order the parties to meet and confer regarding a proposed revised case management order setting new deadlines.

## CONCLUSION

For the reasons discussed above, the parties move the Court to modify the Amended Case Management Order by suspending the deadlines related to the completion of discovery, dispositive motions and expert depositions to a point in time following the Court's ruling on Plaintiffs' Motion for Class Certification.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:     */s/ Martin D. Holmes*
       M. Reid Estes, Jr., #009043
       Martin D. Holmes, #012122
       Autumn L. Gentry, #020766
       Fifth Third Center, Suite 800
       424 Church Street
       Nashville, TN 37219
       Phone: (615) 244-6538
       restes@dickinsonwright.com
       mdholmes@dickinsonwright.com
       agentry@dickinsonwright.com

       *Attorneys for Plaintiffs, Opt-in Plaintiffs, and Putative Class Members*

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: /s/ Kenneth A. Weber
Kenneth A. Weber, BPR No. 015730
Christopher J. Barrett, BPR No. 032978
Katelyn R. Dwyer, BPR No. 030900
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Phone: (615) 726-5600
Email: kweber@bakerdonelson.com
Email: cbarrett@bakerdonelson.com
Email: kdwyer@bakerdonelson.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, a true and correct copy of the foregoing document has been filed using the Court's CM/ECF system, which will be automatically served on the following individuals:

Kenneth A. Weber
Christopher J. Barrett
Katelyn R. Dwyer
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
1600 West End Avenue, Suite 2000
Nashville, TN 37203

/s/ *Martin D. Holmes*
Martin D. Holmes

4870-5392-3287 v.1