IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUIS AVELAR and MATEO GOMEZ, individually and on behalf of all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>HC CONCRETE CONSTRUCTION GROUP, LLC, and JON HARRIS,<br><br>    Defendants. | Case No. 3:22-cv-00292<br>Judge Aleta A. Trauger |

## MEMORANDUM and ORDER

Before the court is the Motion to Drop Misjoined Parties filed by defendants HC Concrete Construction Group, LLC and Jon Harris. (Doc. No. 52.) The plaintiffs filed a Response "in partial opposition" to the motion. (Doc. No. 54, at 1.)

By way of background, the plaintiffs filed their Collective and Class Action Complaint (Doc. No. 1), asserting a claim for violations of the wage and hour provisions the Fair Labor Standards Act ("FLSA") on their own behalf and on behalf of other similarly situated individuals, under the provisions of the FLSA authorizing other similarly situated individuals to "opt-in" as plaintiffs in a collective action. *See* 29 U.S.C. § 216(b). In addition, the plaintiffs seek to bring state law fraud, conversion, and unjust enrichment claims on behalf of a class, as contemplated by Rule 23 of the Federal Rules of Civil Procedure.

On December 22, 2022, the court granted in part the plaintiffs' Motion for Conditional Certification of this Matter as a Collective Action and Approval of 29 U.S.C. § 216(b) Notice. (*See* Doc. Nos. 15 (motion), 25 (order).) In that Order, the court conditionally authorized the plaintiffs

to proceed as a collective action under the FLSA "on behalf of all current and former *hourly-paid construction workers* who worked for defendant HC Concrete and were *classified as independent contractors*" at any time since September 23, 2019. (*See* Doc. Nos. 25, 28 (emphasis added).) That Order did not address the plaintiffs' class claims or the Rule 23 definition of any class, and the procedure for pursuing claims on behalf of a class is very different from the opt-in procedure that applies to collective actions under the FLSA.

In the present Motion to Drop Misjoined Parties, the defendants argue that three of the individuals who have filed consents to join in the collective action under the FLSA as "opt-in" plaintiffs, Maida Hernandez, Geovany Rodas, and Urbano Gutierrez, are not "similarly situated" to the named plaintiffs and should be dismissed from the FLSA collective action, "because Defendants either did not classify them as independent contractors or did not pay them on an hourly basis." (Doc. No. 52, at 2.) More specifically, the defendants assert that records produced for Hernandez and Rodas establish that these individuals were never classified as independent contractors. Instead, they were classified as "W-2 employee[s]" and were paid an hourly wage, with overtime, throughout their employment. (*See id.*; *see also* Doc. No. 52-1, Andrews Aff. ¶¶ 4–8.) The defendants concede that Gutierrez was classified as an independent contractor but assert that he was paid on a salary basis, rather than an hourly basis, and held the title of "Superintendent" during his employment by HC Concrete. (Doc. No. 52, at 2–3; *see also* Andrews Aff. ¶¶ 10–12.)

The plaintiffs do not oppose the defendants' request to "drop" Hernandez and Rodas from the lawsuit but assert that their claims should be dismissed without prejudice. (Doc. No. 54, at 2.) With respect to Gutierrez, the plaintiffs assert that, while he is not similarly situated to the named plaintiffs for purposes of the FLSA collective claims, the court should "limit any 'dropped' claims

to those asserted under the FLSA as part of the collective action and should not include any Rule 23 claims asserted in this action on his behalf. (*Id.*)

The procedure for bringing claims as a collective action under the FLSA and the procedure for bringing representative claims on behalf of a class under Rule 23 are distinct. Moreover, the elements of the plaintiffs' FLSA claims are completely different from the elements of the state law claims they seek to bring on behalf of a class. Consequently, the definitions of who qualifies as similarly situated for purposes of the FLSA claims and who qualifies as a class member under Rule 23 are different. The court finds, therefore, that dismissing any opt-in plaintiffs' claims under the FLSA and dismissing them as opt-in plaintiffs with respect to the FLSA collective action, whether with or without prejudice, has no bearing on whether they will be deemed members of a class for purposes of the plaintiffs' state law claims. Granting the defendants' motion, that is, will have no effect on whether the three individuals identified in their motion will be class members.[1]

Accordingly, without further opposition from the plaintiffs, the defendants' Motion to Drop Misjoined Parties (Doc. No. 52) is **GRANTED**, and the FLSA claims brought by putative opt-in plaintiffs Maida Hernandez, Geovany Rodas, and Urbano Gutierrez are **DISMISSED WITHOUT PREJUDICE**, on the basis that these individuals are not similarly situated to the named plaintiffs for purposes of the FLSA collective claims.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

---

[1] That said, as provided in the Memorandum and Order addressing the plaintiffs' Motion for Class Certification, filed contemporaneously herewith, the class definition includes only construction workers classified as independent contractors and paid on an hourly basis, not Superintendents paid on a salary basis.